## LESIKAR v. LESIKAR et al.
No. 12448.

Court of Civil Appeals of Texas. Galveston.

July 24, 1952.

Rehearing Denied Oct. 9, 1952.

Dan Hruska, of Bellville; W. H. Betts, of Hempstead, for appellant.

C. C. Jopling, of La Grange, for appellee.

CODY, Justice.

This is an appeal from a summary judgment rendered upon a hearing on the motion of plaintiffs below therefor "upon the pleadings, depositions, affidavits and admissions on file [which] show that there is no genuine issue as to any material fact."

The plaintiffs below (appellees here) were the children of Frank F. Lesikar Sr., deceased, and his first wife, Milada V. Lesikar, also deceased; the defendants below (appellants), were Frances Lesikar, the second wife of Frank F. Lesikar Sr., and her son, Frank F. Lesikar Jr.

The suit was one by plaintiffs to remove cloud from title to the lands involved, alleged to have been cast thereon by an affidavit filed of record by the said Mrs. Frances Lesikar acting in her own behalf and as guardian of Frank F. Lesikar Jr. In the affidavit she asserted that the deed from Frank F. Lesikar to his attorney, Joseph Frnka, and said attorney's deed to Mrs. Milada Lesikar, purporting to convey the lands of the said Frank F. Lesikar Sr., described therein, were fabricated shams, which were not intended to pass title to said lands but were merely executed for the purpose of circumventing any recovery for damages on the claim of one John Wavra and daughter which had been filed in Cause No. 6011 on the docket of the District Court of Austin County, entitled John Wavra et al. v. Frank Lesikar, etc.

Mrs. Frances Lesikar suffered a default judgment to be taken against her. Defendant Frank F. Lesikar Jr. in his third amended original answer and cross-action, which were his pleadings on file at the time of the hearing on the motion, answered that the purported deed to Joseph Frnka was void as having been given by a client to his attorney, under the domination of his attorney, or, alternatively, was given in trust and that the land therein conveyed was to be re-transferred to the said Frank F. Lesikar Sr. and that all that was thereby transferred was the bare legal title. Defendant further answered in effect that if it should be established that said Lesikar Sr. conveyed the land to said attorney to convey the same to Lesikar's said first wife, then said conveyance was so authorized because, at the time of said transaction, the said Lesikar had been accused of an act of moral turpitude (the subject matter of aforesaid Cause No. 6011), which had estranged his then wife; and that Lesikar had agreed to the simulated conveyance to effect a reconciliation, and that said transaction was void as against public policy. Defendant also brought a cross-action in trespass-to-try-title to recover his share as one of his father's children in an undivided half interest of the lands involved, said lands being described in said cross-action by metes and bounds.

As indicated above, the court granted appellees' motion for summary judgment. Appellant requested, and the court filed, conclusions of fact and law which are too lengthy to be here reproduced. Appellant predicates his appeal upon ten points, which are too detailed and lengthy to be set out. But we have carefully considered them all, and in the following opinion rule upon them expressly or by necessary implication.

Frank F. Lesikar Sr. was the agreed common source of title and on January 3, 1921, which was about a month after Cause No. 6011 was filed against him, he conveyed the lands in question to his lawyer Frnka, who was also the uncle of his wife, upon a recited consideration of $1 and as payment of attorneys' fees to the value of $10,000. This deed was promptly placed of record. The following day Frnka conveyed the property to the first Mrs. Lesikar, his niece, as her separate estate, upon a recited consideration of $1 out of her separate estate, and the love and affection which he bore to his niece. The second deed was not placed of record until after Cause No. 6011 had been dismissed, which was in 1925. Lesikar Sr. continued to manage the lands in question, pay taxes thereon, etc.

Milada Lesikar predeceased her husband, having died intestate and without any administration on her property and left as her sole surviving children the appellees. Shortly after her death Frank F. Lesikar Sr. married the mother of appellant, and his only child by that marriage was appellant. He died intestate when appellant was about five months old.

Appellees claim the title through the aforesaid deeds and that said deeds constituted the lands the separate estate of their mother and that as her only heirs they inherited the same to the exclusion of any right in appellant, as their father had become divested of any interest in said lands in virtue of the aforesaid deeds.

The main action was by appellees to remove cloud from their title cast thereon by the aforesaid affidavit filed by the mother of appellant, acting for herself and as guardian of her son. The said deeds under which appellees so claim to have derived title, under their mother, were referred to in said affidavit by the volumes and pages of the deed records of the counties where recorded. And appellees in the main action did not describe the lands by metes and bounds in their pleadings, but gave the description of the recordation of the deeds, as given in the offending affidavit. Appellant specially excepted to the pleadings of appellees on the ground that there was no sufficient description alleged in appellees' said pleadings of the land involved. The court overruled said special exception.

It will be borne in mind that the only issue in the main suit was whether or not the affidavit in question cast a cloud on an undivided one-half interest in the lands described in said deeds. That is to say, there was no question but what appellees at least inherited from their mother an undivided one-half interest in the lands involved, the title to which was in no way affected by the offending affidavit. Whether or not appellees and appellant, as constituting all of their father's children, would be entitled to inherit the other half interest depended upon whether said deeds were fraudulent. If they were fraudulent conveyances, given to circumvent recovery by the plaintiffs in Cause No. 6011, good title was thereby passed, except as to creditors. And appellant would be cut off from inheriting any interest therein through his father.

As indicated above, by his cross-action appellant put in issue by a formal action in trespass-to-try-title an undivided one-eighth ($\frac{1}{4}$ of $\frac{1}{2}$) of the lands involved, and in his petition in his cross-action he described the lands by metes and bounds.

In no event could appellant have been surprised by reason of the description contained in appellees' pleading as the subject matter of the suit. Some 6 or 9 days before the motion for summary judgment was heard appellees filed certified copies of the aforesaid deeds. To each of said deeds was the clerk's certificate attached which showed the volumes and pages of the records thereof.

The court was warranted in finding that appellees were entitled to recover whatever property their mother owned at the time she died. Appellant filed no pleas in abatement setting up that appellees' mother had disposed of her interest during her lifetime. And he did not name any person or persons as having an interest in the property inherited by appellees from their mother, other than appellees. And in no event could appellant be injured if appellees failed to affirmatively exclude the possibility that they or someone of them might

have disposed of the interest or some part of the interest which he or they may have inherited from their mother.

The cardinal point in this case, as intimated above, is whether or not appellees established as a matter of law, upon the hearing of the motion for summary judgment, that title passed to their mother by virtue of the aforesaid deeds.

 Upon its face, the deed from Frank F. Lesikar to his attorney was not void, but at most was only voidable. So far as the deed itself went, the only suspicion as to its validity is such suspicion as the law attaches to the dealings between a lawyer and client. We think, therefore, that the deeds aforesaid themselves, when presented on the hearing on the motion, made out a prima facie case of a valid transfer of the land therein described to the first Mrs. Lesikar and that the burden then passed to appellant to introduce at least some evidence to show that the deed from Lesikar Sr. to his attorney was executed under the domination which the law is very willing to believe upon small proof that an attorney has over his client. Here appellant filed no affidavit.

It was further shown from the record that on or about the 1st day of December, 1920, one John Wavra, individually and as next friend of his daughter, Valeria, filed the aforesaid Cause No. 6011 against Frank F. Lesikar for damages for the alleged rape and carnal knowledge of his said daughter and sought damages in a large sum; that Frank F. Lesikar Sr. employed as his attorney Mr. Frnka to defend the suit; that about a month after the suit was filed, specifically on January 3, 1921, the said Lesikar conveyed to his said attorney by general warranty deed all of the property therein described for the consideration of $1 cash in hand and $10,000 attorneys' fees; that said deed was promptly placed of record; that the following day Frnka conveyed said property to the first Mrs. Lesikar as her separate estate, etc. That this deed was withheld from record until September 7, 1925, shortly after Cause No. 6011 was dismissed.

Appellees further introduced in evidence over the objection of appellant paragraphs 3 and 4 of appellant's first amended original answer. Said paragraphs of appellant's abandoned pleading alleged in substance that Frank F. Lesikar Sr. and his then wife, Milada, formulated the scheme to defeat recovery by plaintiffs in Cause No. 6011 and, acting under the domination of their aforesaid attorney, Mr. Frnka, caused the sham deed to be made to him ostensibly conveying the said property without any intention to affect the substantial rights of the said Lesikar and wife in the said property and for the purpose of circumventing any recovery which might be had in Cause No. 6011.

 The allegations in said abandoned pleadings were no longer judicial admissions and they did not estop appellant from denying their truth or explaining them upon trial of the case on its merits. However, "any admission contained in an abandoned pleading ceases to be binding on the pleader, in the sense that he is prevented from disproving facts alleged therein. Such pleading, however, still remains a statement seriously made, and it can be introduced in evidence as an admission." Kirk v. Head, 137 Tex. 44, 152 S.W.2d 726, 729.

 Had appellant, upon the trial of the motion for summary judgment, seen fit personally to make the admissions which were contained in his abandoned pleadings, it is obvious that the court would have been warranted in finding that the deeds in question were fraudulent conveyances made for the purpose of hindering or delaying, and defrauding John Wavra in the collection of any recovery he might have made in Cause No. 6011. The abandoned pleadings, when introduced upon the hearing on said motion, had the same legal effect as if appellant had personally admitted upon the hearing the matter set forth in said admissions. It is true that he was entitled to deny or explain the admissions contained in said abandoned pleadings. But he did nothing whatever to deny the truth of said admissions, by affidavit or otherwise. We do not understand that appellant contends that his new pleadings, which superseded his abandoned pleadings, could be taken as evidence to support them-

selves. The effect of said admissions in said abandoned pleadings was to make out a prima facie case that the deeds constituted a fraudulent conveyance of the lands involved. Where a plaintiff makes out a prima facie case and a defendant fails or refuses to introduce any evidence the court is required to instruct a verdict. Consequently, it seems inescapable that in the state of the record the court had no alternative but to conclude as a matter of law upon the hearing on the motion for summary judgment that the conveyances were fraudulent.

■ Summary judgments have so frequently come before the appellate courts of this State since Rule 166–A, Texas Rules of Civil Procedure became effective, that we need do little more than refer to the nature of the burden which rests upon the movant to show that there is no issue as to a material fact which rests on the movant for summary judgment. De La Garza v. Ryals, Tex.Civ.App., 239 S.W.2d 854 (error refused); Kaufman v. Blackman, Tex.Civ.App., 239 S.W.2d 422, 428 (error refused). In the last cited case the court said, " 'Customarily [the movant] is held strictly to a conclusive showing that no fact issue exists and that he is entitled to judgment without further delay. Conversely, the courts accord the resisting party considerably more indulgence; the motion will be denied if it appears that a substantial fact dispute may exist, regardless of informalities or defects in the resisting party's papers.' " See also Sartor v. Arkansas Natural Gas Corporation, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967.

■ Being compelled to conclude that the conveyances were fraudulent, it follows as a matter of law that they were void only against creditors. For every other purpose they were good and when the grantor died the title which had vested in his wife was good against his estate and against his heirs. Messer ʌv. Ziegler, Tex. Civ.App., 282 S.W. 620; Colby v. McClendon, Tex.Civ.App., 116 S.W.2d 505.

We think that the court was, therefore, required to render judgment upon the main action that the cloud cast on title by afore-

said affidavit be removed, and required in the cross-action to render judgment that appellant take nothing.

There are other points raised by appellant. We do not pass on whether appellant's action attacking the deeds was barred by the four year statute of limitations. Nor is it necessary to pass on any other points, since under the showing made on the motion the court was required to grant the motion.

Judgment is affirmed.