### ANDREWS v. AUSTIN MOTOR TRUCK CO., Inc.

#### No. 10158.

Court of Civil Appeals of Texas. Austin.
July 1, 1953.

Rehearing Denied July 31, 1953.

Pichinson & Utter, Corpus Christi, John D. Coats, Austin, by Norman Utter, Corpus Christi, for appellant.

Jerome M. Smith, Yelderman & Martin, Austin, for appellee.

HUGHES, Justice.

T. A. Andrews, appellant, sued Austin Motor Truck Company, Inc., for damages alleged to have resulted from a false representation made by its agents in selling appellant a G. M. C. truck and for rescission of the contract of sale. The alleged misrepresentation was that the truck was a 1952 model.

Appellee answered by filing numerous special exceptions, a general denial and a cross action.

Following the filing of this answer and cross action and without any intervening action by the court on the exceptions appellee filed a motion for summary judgment. This motion called the attention of the court to the special exceptions in the answer and requested a ruling thereon and alleged that when such rulings were made "it will be conclusively shown as a matter of law that plaintiff has wholly and entirely failed to state a cause of action against this defendant."

In the alternative the motion for summary judgment averred that the truck sold appellant was a 1952 model and a supporting affidavit of Carlos Walker, manager of appellee, was attached.

Appellant filed a counter affidavit the sufficiency of which appellee challenges. We need not determine this question for reasons which are stated later.

The motion for summary judgment came on for hearing and "the court proceeded to hear and consider said motion together with the affidavits filed by the defendant, Austin Motor Truck Company, Inc., the counter-affidavits of the plaintiff, T. A. Andrews, the pleadings of the parties relative to the motion for summary judgment that plaintiff take nothing by his action, the depositions as filed herein, and the court having considered said motion, the affidavits and counter-affidavits and the other matters hereinabove recited, is of the opinion and so finds that under the pleadings of the plaintiff as filed herein, in connection with the several affidavits and depositions, no triable issue of fact, is raised by the pleadings of plaintiff and for which reason judgment should be entered granting the motion for summary judgment that plaintiff take nothing by his action as filed herein."

The judgment indicated was rendered.

It is to be noted that the judgment does not dispose of the exceptions to the pleadings of appellant except, perhaps, by implication.

The deposition referred to in the judgment of the court was that of appellee's Mr. Walker. He testified that the truck sold appellant was received from the manufacturer in June 1951, accompanied by a 1951 manufacturer's certificate. He further testified that about November 1, 1951, the factory advised his company that if they would return all 1951 certificates they would be replaced by 1952 certificates. Thereupon the 1951 certificate on the truck sold appellant was replaced by a 1952 certificate.

On November 20, 1951, appellant bought the G. M. C. truck from appellee for a total consideration of $21,123.09. The conditional sale contract shows the truck to be a 1952 model and the agents of appellee so represented it.

About January 1, 1952, so Mr. Walker testified, G. M. C. trucks of the type purchased by appellant, received from the factory, had these changes or improvements, (1) the horsepower was increased from 133 to 150, (2) a new, modulating type of governor and (3) a new arrangement and increased number of gaskets.

■ We understand, of course, that a person could not in November, 1951, buy a truck believing it to have been made in 1952. It is common knowledge, however, that many automobile manufacturers, put, for instance, 1952 model cars on the market in the latter part of 1951. The facts of this case, though, are not comparable to that common practice. Here the truck was received locally in June, 1951, with a current manufacturer's certificate. When the truck was actually built is not shown. The truck remained on the dealer's floor until November of the same year when the 1951 certificate was exchanged for a 1952 certificate. This exchange of papers could not convert a 1951 truck into a 1952 truck. Were there no changes in the construction of the trucks it might be that the deliberate mislabeling of the truck's vintage would not be actionable but such is not the case here.

■ Insofar as the trial court's judgment for appellee is based on there being no fact issue regarding the falsity of appellee's representation that the truck was a 1952 model it cannot stand.

■ If the trial court in granting summary judgment was motivated by defectiveness of appellant's pleading as revealed by the special exceptions filed by appellee his judgment cannot be sustained because the record does not show that appellant was afforded an opportunity to amend his pleadings following the ruling of the court. The right of amendment is mandatory. 15 Tex.Jur. p. 278. Rules 62 and 63, T.R. C.P. If pleadings are open for action on exceptions they are equally open for amendments. Caperton v. Thorpe, Tex. Civ.App., Eastland, 240 S.W.2d 329.

■ The better practice would seem to require that the pleadings of the adverse party be settled before the moving party should be permitted to call up his motion for summary judgment.

The judgment of the trial court is reversed and this cause is remanded.

Reversed and remanded.