**AKIN PRODUCTS CO., Inc., Appellant,**

v.

**J. E. BUSH, D/B/A Texas Automatic Sprinkler Company, Appellee.**

No. 15966.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 19, 1958.

Rehearing Denied Jan. 16, 1959.

Ewers, Cox & Toothaker, and Charles B. Swanner, McAllen, for appellant.

Chaney & Harless, and Fred S. Harless, Dallas, for appellee.

MASSEY, Chief Justice.

From a summary judgment for the plaintiff the defendant appealed.

Judgment reversed and cause remanded.

The parties will be styled as in the lower court. Plaintiff brought suit on a promis-

sory note because of default on the part of the defendant in making prescribed installment payments. Following the filing of a general denial by defendant, the plaintiff moved for summary judgment on the pleadings. Neither side offered any evidence whatever, by affidavit or otherwise, at the hearing. Before a time set for the hearing of plaintiff's motion, the defendant filed a cross-action. Said cross-action sought the relief of rescission as to the contract which had been entered into by the parties, in consideration of which the defendant had executed the note upon which plaintiff sued. In addition to its prayer for rescission of the contract the defendant prayed that said note be set aside and canceled. The plaintiff never at any time leveled any exceptions to this pleading, but proceeded with the motion for summary judgment in complete disregard thereof.

In our view the suit of the defendant was a counterclaim which it was compelled to file against the plaintiff in the instant suit or forfeit any subsequent right to file the same, since it arose out of the transaction or occurrence which is the subject matter of the plaintiff's claim. Texas Rules of Civil Procedure, rule 97, "Counterclaim and Cross-Claim," subd. (a), "Compulsory Counterclaims". It is noted from certain language to be found in Lacy v. Carson Manor Hotel, Inc., Tex.Civ.App. Dallas, 1956, 297 S.W.2d 367, writ ref., n. r. e., that under the provisions of the Rule such a cross-action as we have under consideration, if not asserted upon the plaintiff's suit while it pended before judgment, would be properly subject to a plea of res adjudicata if subsequently sued upon.

Should we affirm the summary judgment entered in the court below the relief sought by the defendant under its pleadings would be foreclosed in any future suit. The decree granting the summary judgment in the present instance contained additionally a purported judgment or order reading as follows: "It is Further Ordered, Adjudged and Decreed That Akin Products Company, Inc., Defendant, shall take nothing by reason of any action asserted herein."

When we examine the pleadings of the defendant, as of the time of the hearing on the motion for summary judgment, it is observed that a part of the elements requisite to actionable fraud was alleged, but that in so far as a cause of action therefor is concerned the defendant failed in the attempt to plead it. The situation was such that defendant could not, absent curative pleading, obtain any judgment even with the truth of its allegations admitted or otherwise established.

Ordinarily the party responding to pleadings such as were filed by the defendant would have excepted thereto and the court would have sustained the exceptions and tendered the pleader the opportunity to amend, dismissing only pursuant to an order in which tender of the opportunity was noted along with a failure and refusal on the part of the pleader to amend. Indeed, where a pleader is to be treated as standing with pleadings which fail to state a cause of action for relief, the party or parties respondent thereto have only the right of having the cause dismissed upon failure or refusal of the pleader to amend. No right exists for the entry of a summary judgment in favor of a plaintiff, upon the pleadings in the case, where the defendant seeks any right by cross-action. If the latter's pleadings be defective as failing to state a cause of action it could only be after his purported cause of action was disposed of by dismissal upon failure to amend (so long as he could amend) that plaintiff could maintain summary judgment proceedings upon the pleadings alone.

We believe that our holding logically follows from the holding in Andrews v. Austin Motor Truck Co., Tex.Civ.App., Austin, 1953, 259 S.W.2d 772, and our prior analysis of T.R.C.P. 166–A to be noted in the case of Meyer v. Wichita County Water Imp. Dists. Nos. 1 and 2, 1954, Tex.Civ.App., 265 S.W.2d 660, writ ref., n. r. e.

The plaintiff insists that under the circumstances of this case the defendant could not amend its pleadings so as to state a cause of action, and attempts to demonstrate why this is so. However, there being no character of factual evidence in the record, we are wholly without power to pass on the circumstances, and we are of the further opinion that defendant's ability to so amend its pleadings should not be passed upon by us, at least at this time. The opportunity of amendment should be afforded, if plaintiff makes an attack upon the defendant's pleadings in cross-action, and the testing of its pleadings, whether amended or not, made pursuant to procedure which is without the purview of summary judgment proceedings.

Judgment is reversed and the cause remanded for further proceedings in the trial court.