**Louise HAMMETT et vir, Appellants,**

v.

**Kenneth FLEMING, Appellee.**

No. 10660.

Court of Civil Appeals of Texas.

Austin.

April 29, 1959.

Rehearing Denied May 20, 1959.

Davee & Davee, Brady, Harold L. Warford, Breckenridge, for appellants.

Turner & Seaberry, Eastland, for appellee.

GRAY, Justice.

This appeal is from a summary judgment.

Appellants, Louise Hammett and husband Penn Hammett, brought this suit against appellee, Kenneth Fleming, to recover damages for the death of June Odom, the daughter of Louise Hammett by a former marriage.

By their first amended original petition appellants alleged that June Odom was fifteen years of age, that her eye-sight was extremely poor, that she could not see with normal vision and that she had spent a year in the Austin State School for the blind all of which facts were known to appellee and his wife Betty Jo Fleming. It was alleged that on or about March 3, 1957 Betty Jo Fleming, wife of appellee, was driving an automobile along a highway in McCulloch County and was accompanied by June Odom, Lillie Bell Hairrell and Catherine Smith; that June was seated on the right front fender, Lillie Bell was seated on the left front fender and Catherine was seated on the front seat with Mrs. Fleming; that

> " * * * the above named persons were proceeding down the highway; and at an increasingly dangerous rate of speed, everything considered, when June Odom screamed out to the wife of the defendant, Betty Jo Fleming, to slow down, but the driver, with conscious indifference for the safety and welfare of the now deceased June Odom would not respond, * * * finally after a dangerous and terrifying period of time, the said Betty Jo Fleming did slack her speed, but she did it with a sudden and abrupt manner that toppled * * *" June Odom from the car.

It was further alleged that the automobile ran over June Odom; that she was killed as the result, and that Lillie Bell Hairrell was thrown from the fender and

under the wheels of the car. There is the further allegation that:

"At the time that Betty Jo Fleming suddenly and without warning sharply reduced the speed of her car, she was conscious of the dangerous situation which confronted the two girls on the fenders of her car, but acting with a conscious indifference, she did it anyway, and in so doing she acted with gross negligence which such gross negligence proximately caused the life of June Odom to be mashed and mangled out under the wheels of her car."

Appellee's answer consisted of special exceptions, a general denial and alleged, in part:

" * * * that June Odom was a guest of Betty Joe Flemming in defendant's automobile, riding gratuitously therein. That June Odom rode on the fender of such automobile at her own request and suggestion and of own volition. That after June Odom got on the fender, such car was never driven at an excessive rate of speed, was never driven at a speed in excess of the speed limit then and there in force, was never driven in a careless manner, was never driven with sudden turns or sudden changes of speed; that just immediately prior to the time June Odom slipped off the fender, she turned and called out something, and before defendant's wife had an opportunity to do anything, June Odom slipped off the fender and under the car. That said car was being driven at a moderate speed and was brought to a stop within a short distance of the accident without any skidding."

and further that June Odom was guilty of negligence proximately causing the accident, and that she voluntarily exposed herself to the risk of riding on the fender.

Appellee filed a motion for summary judgment together with the affidavits of Betty Jo Fleming and Catherine Smith Rogers—formerly Catherine Smith.

Appellants filed no counter affidavits and the judgment complained of was rendered.

The affidavit of Betty Jo Fleming and that of Catherine Smith Rogers are substantially the same. Each states that the parties were friends, had known each other for a number of years, were about the same age and on many occasions they had ridden together in automobiles driven by Betty Jo Fleming. On the afternoon of March 3, 1957 Betty Jo Fleming drove to the home of Catherine Smith in Brady and at the time June, Lillie Bell and Catherine were on the porch and they all went out to the car. Lillie Bell went back in the house and got a sandwich and because Betty Jo's dog was in the car Lillie Bell got on the left front fender to eat her sandwich. Betty Jo then drove to the city park with Lillie Bell riding on the left front fender and June and Catherine riding in the car. They stopped for a while in the park and then, Lillie Bell riding on the left front fender and Catherine riding on the right front fender, Betty Jo drove out the Dodge road west of Brady. There the car was stopped, the girls got off the fenders and got into the car. Betty Jo then drove about a mile toward Brady and stopped. There June said she wanted to ride on the fender but wanted someone to ride with her. June got on the right front fender and Lillie Bell on the left. Betty Jo then started driving toward Brady. Her affidavit then recites that:

"We had gone a little ways when June hollered something, grabbed at Lillie Bell and slipped off the fender in front of the car. I took my feet off the gas before June fell, and I stopped the car within a short distance without skidding. Lillie Bell also feel off or jumped off after June grabbed her arm. I stopped before the rear wheels got up to Lillie Bell.

"I was not driving fast at the time of the accident. My speed was much

lower than the posted speed limit. I was driving just as I had when Lillie Bell and Catherine were riding on the fenders. I was not turning the car from side to side or causing the car to have any sudden changes of speed. After I heard June holler, there was not time to do anything to keep her from falling off or to stop the car before she fell. She fell off right after she hollered and grabbed at Lillie Bell's arm. I did not know anything was wrong until I heard her holler and saw her falling."

Catherine's affidavit is substantially the same as Betty Jo's, however we quote her account of the accident:

"Betty Jo started up and began driving toward Brady. Within a short distance June started falling off of the fender. It seems that June hollered out (But I am not sure of that) and grabbed Lillie Bell's right arm and then fell off in front of the car. Lillie Bell then jumped off the fender, turning her right ankle, and the left front wheel ran over her leg, breaking it. The car was stopped before the left rear wheel reached Lillie Bell. June was lying in the road about 10 or 12 feet behind the car. Betty Jo did not skid her tires in stopping and could not have been going very fast."

■ In his brief appellee says that we must accept as true the facts stated in the affidavits supra and quotes from Holland v. Lansdowne-Moody Co., Tex.Civ.App., 269 S.W.2d 478, 481, as follows:

"It is the law that where a plaintiff, at a hearing on defendant's motion for summary judgment under Rule 166–A, files no counter affidavits, and makes no showing other than as stated in their pleadings, and makes no showing that affidavits are unavailable, he in effect admits the facts alleged in defendant's sworn affidavits supporting the motion, and for which reason cannot complain of the court's granting the motion for summary judgment. Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236, W/E Ref. N.R.E.; Fowler v. Texas Employers Ins. Ass'n, Tex.Civ.App., 237 S.W.2d 373, W/E Ref. The foregoing cases present excellent and thorough discussions of Rule 166–A generally, and particularly of the precise point here involved."

We agree that the above statement of the law is correct and is applicable here provided of course that no material issue of fact is shown to exist.

■ The question before the trial court was to decide from what was then before him whether there was an issue of fact as to any material matter and whether or not as a matter of law appellee was entitled to judgment. Haley v. Nickels, Tex.Civ.App., 235 S.W.2d 683. In doing so however all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party and the opposite party is entitled to the benefit of the reasonable inferences that can be properly drawn in his favor. Also if amendments to the pleadings are justified by the affidavits then such amendments must not be prevented by a final judgment. Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233.

■ All parties agree that June Odom was the guest of Betty Jo Fleming and that Art. 6701b is applicable to the facts here. Under these facts liability can exist only if the accident was caused by the heedlessness of Betty Jo Fleming or by her reckless disregard of the rights of others.

It was at June Odom's own request that she rode on the fender, however Mrs. Fleming consented that she so ride. What caused June Odom to holler, grab at Lillie Bell and slip off the fender is not shown and the affidavits do not undertake to explain the cause. The affidavits do say that the car was being driven in the same

manner as it was driven when Lillie Bell and Catherine were riding on the fenders, that the car was not being turned from side to side and was not caused to have any sudden changes of speed and further that it was being driven at a speed lower than the posted speed limit. (Presumably the posted speed limit was 60 miles per hour.)

The statements that the car was being driven in the same manner that it was driven when Lillie Bell and Catherine were riding the fenders is not conclusive of the issue of heedlessness or reckless disregard of the rights of others. It is disputed by the fact that June and Lillie Bell fell off while Catherine and Lillie Bell did not. Further it might be that regardless of the manner in which the car was driven at the time Lillie Bell and Catherine were riding the fenders they did not fall off. It could have been driven in reckless disregard of the rights of others and yet they did not fall. These are all circumstances to be considered in support of an inference that the cause of June's fall was the manner of the operation of the car.

The condition of the road or highway, the weather and the wind are merely examples of some of the conditions that might be properly shown under the pleading of a "dangerous rate of speed, everything considered."

■ It is well established that a party who seeks a summary judgment under Rule 166–A, Texas Rules of Civil Procedure, has the burden of showing that, except as to the amount of damage, there is no genuine issue as to any material fact alleged by the opposing party. O'Quinn v. Scott, Tex.Civ.App., 251 S.W.2d 168, Er. ref.

■ It cannot be said that because June Odom was riding on the fender she was guilty of negligence as a matter of law. Thurman v. Chandler, 125 Tex. 34, 81 S.W. 2d 489. Even if it should be found that June Odom was guilty of negligence by riding on the fender there would still remain the issue whether such negligence was a proximate cause of her fall.

■ We recognize that contributory negligence is a defense that may be urged in an action brought under the guest statute, Art. 6701b supra. However "the question of contributory negligence is generally, by reason of the very nature of the defense, one of fact for the jury to decide." Blanks v. Southland Hotel, 149 Tex. 139, 229 S. W.2d 357, 360. The facts before us do not show as a matter of law that June Odom was guilty of contributory negligence. For the same reason, under the facts as we have stated them, it cannot be said that as a matter of law she voluntarily exposed herself to the risks of riding on the fender.

■ Under the record here the cause of June Odom's fall is a matter of conjecture; however, the burden was on appellee to show that no genuine issue of fact as to such fall being caused by the heedlessness or reckless disregard of the rights of others '(gross negligence) of Mrs. Fleming is presented. Applying the test of Womack v. Allstate Insurance Company, supra to the facts here we cannot say that no genuine issue of material fact exists.

The judgment of the trial court is reversed and this cause is remanded.

Reversed and remanded.