## EVERS v. LANGERHANS et al.

### No. 10349.

Court of Civil Appeals of Texas. San
Antonio.

Nov. 30, 1938.

Alex Jung, of Fredericksburg, for defendants in error.

SMITH, Chief Justice.

This action was brought by James A. Evers against Theodore Langerhans (and others not necessary to notice here), for damages sustained by Evers from an assault admittedly made upon him with a shotgun by Langerhans. Evers brings error from a judgment denying any recovery to him. The parties will be referred to as plaintiff and defendant, respectively, as in the trial court.

The cause was tried to a jury, who found in response to special issues (1) that in shooting plaintiff defendant was not acting in self-defense; (2) that his injuries were not sustained by plaintiff "without fault on his part"; (3) that said injuries did not result in the total incapacity of the plaintiff; (4) that $540.90 would "reasonably and fairly compensate plaintiff for hospital, doctor and drug bills expended by him as a proximate result of the injuries in question"; (5) that $700 would fairly and reasonably compensate plaintiff "for his loss of earning power * * * in the past and in the future"; (6) the remaining special issue was propounded to and answered by the jury as follows:

"From a preponderance of the evidence what sum of money, if paid now in cash, do you find would reasonably and fairly compensate the plaintiff for his physical pain, if any, suffered by him in the past, if there has been any in the past, and in the future, if there will be any in the future, and for mental anguish in the past, if there has been any in the past, and in the future, if there will be any in the future, directly and proximately caused by reason of the injuries sustained, if any.

"Answer in Dollars and cents, if any.

"Answer: 'None.'"

Upon those findings the trial judge rendered judgment that plaintiff recover nothing.

Plaintiff did not except to the judgment, give notice of appeal, or file any motion for new trial, and no exception exists to save the case from the operation of District Court Rule 71a, requiring that "a motion for new trial shall be filed * * as a prerequisite to an appeal in all cases, unless the error complained of is fundamental." Rule 71a, 99 S.W.2d XXX. The result is that on this appeal this Court may

Petsch & Usener, of Fredericksburg, and N. T. Stubbs, of Johnson City, for plaintiff in error.

210

take cognizance only of fundamental errors, if any, appearing upon the face of the record to have occurred in the trial court.

Plaintiff has briefed the case upon fourteen assignments of error. The first five are expressly waived. The sixth to ninth, inclusive, question the propriety of the charge to the jury, and therefore do not present fundamental error, but were waived by plaintiff's failure to present them in a motion for a new trial. For like reasons we cannot consider plaintiff's twelfth assignment of error, complaining of jury argument of defendant's counsel; or the thirteenth, challenging the sufficiency of the evidence to sustain a specific finding.

In his remaining assignments of error, the tenth, eleventh, and fourteenth, plaintiff contends that the jury finding that he was "not without fault" in the transaction involved, afforded no legal justification for defendant's attack upon him; that the finding was without legal effect, and did not authorize the trial judge to withhold judgment from him for the amount of damages the jury found he had sustained as a result of defendant's attack upon him. The effect of these contentions is that the judgment is not supported by, or is contrary to, the jury findings. If the contention is true, then it presents fundamental error, requiring notice from this Court, though not urged below in a motion for new trial.

The record shows, and it is conceded by all the parties, that defendant intentionally shot and very seriously injured plaintiff on the occasion in question, and those facts must be assumed here as they were below, without complaint. Defendant pleaded a series of circumstances in defense of his conduct, but all of those defenses were waived below, by his failure to elicit or request jury findings upon them, except the plea of self-defense, which was submitted to the jury and by them resolved against him. The jury further found that the injuries sustained by plaintiff "were" not "so sustained by him without fault on his part," and it is obvious that it was upon this finding that the trial court denied recovery to plaintiff. In this we think the court committed reversible error, for, while the fact (that plaintiff was in some unascertained degree at fault in the transaction) may properly have been considered

in mitigation of the damage accruing to plaintiff, it was no justification for defendant's murderous assault upon him, in the absence of any sustained defense. The fact could affect the question of damages, but not that of liability. 4 Tex.Jur. p. 989, § 122, and authorities.

As stated, it is conceded and the record indubitably shows, that plaintiff was seriously and permanently injured, and, besides, the jury found that he was put to a reasonable expense of $540.90 and suffered the loss of "earning power in the past and in the future" of $700, as proximate results of the injuries inflicted upon him by defendant. But, in direct conflict with those findings, or their plain implication, the jury found, in effect, that plaintiff suffered no physical pain or mental anguish as a result of the assault. The finding is quite obviously an arbitrary one, and conflicts with all rime or reason. Boultinghouse v. Thompson, Tex.Civ.App., 291 S.W. 573. We think the record furnishes an explanation of the incongruous findings. The conduct of plaintiff towards defendant during the twenty-four hours previous to the assault, and on that occasion, was palpably provocative, and, if we could go into the mental processes which motivated the jury, we are of the opinion we could find from the record before us that they sought some outlet for expressing their conclusion upon the question of provocation, and having no adequate vehicle at hand by way of instructions or special issues, hit upon the answer by which they denied plaintiff any recovery for mental anguish, or physical pain, and found that he was "not without fault." We cannot evade the conviction that had the case been tried and submitted upon appropriate issues and instructions, the result would have been quite different from that achieved. This situation is not chargeable so much to the trial judge as to counsel.

We cannot assume to let the judgment stand upon such an unsatisfactory record. We can readily understand the position of the trial judge, in denying recovery to plaintiff, to be that on the whole case he felt plaintiff was not entitled to recover. But we think the misshapen record, nevertheless, prohibited a judgment for defendant.

The judgment is reversed and the cause remanded for another trial.