**H. Y. ELLIS, Appellant,**

v.

**Ernest GUINN, Individually and as Next Friend of Ernest Guinn, Jr., a Minor, Appellee.**

No. 5311.

Court of Civil Appeals of Texas.

El Paso.

April 1, 1959.

Rehearing Denied April 22, 1959.

Edwards, Belk, Hunter & Kerr, El Paso, for appellant.

Guinn & Guinn, El Paso, for appellee.

LANGDON, Chief Justice.

This is an appeal from the judgment of the District Court of El Paso County in a suit brought by Ernest Guinn, individually and as next friend of Ernest Guinn, Jr., a minor, 16 years of age, to recover damages for personal injuries to Ernest Guinn, Jr., and the medical and hospital expenses expended by Ernest Guinn, Sr., arising out of an accident occurring on February 23, 1957, between an ambulance in which appellee's son, Ernest Guinn, Jr., was riding as an attendant, and the defendant H. Y. Ellis' automobile.

Trial was had before a jury, and the verdict rendered on special issues in favor of appellant, H. Y. Ellis. Upon motion by appellee Ernest Guinn, individually and as next friend of Ernest Guinn, Jr., the trial court disregarded the findings of the jury in answer to Special Issues 30 and 31, wherein the jury had found that Ernest Guinn, Jr. failed to keep a proper lookout; that such failure was negligence and a proximate cause of the accident; and granted appellee's motion for judgment notwithstanding the verdict.

Appellant brings but one point of error, charging that the court erred in granting plaintiff-appellee's motion for judgment non obstante veredicto.

Appellee's motion for judgment non obstante veredicto was based upon the proposition that there was no duty on the part of Ernest Guinn, Jr. to keep a lookout; and, secondly, that the evidence did not raise a duty on the part of Ernest Guinn, Jr. to keep a lookout, and he could not be negligent in such regard.

■ It is unquestionably the law, as contended by appellant, that, under certain circumstances or in certain situations, an occupant or passenger, as distinguished from a driver of a vehicle, can be guilty of negligence in not caring for his own safety. Appellant relies heavily on the case of Texas Mexican Railway Co. v. Hoy, Tex. Com.App., 24 S.W.2d 18, and the cases following it, and we are not unmindful of the rules of conduct prescribed for a guest in these cases. The Hoy case may be distinguished from the instant case in that the driver of the automobile, in the Hoy case, was proceeding toward a railway crossing with which the guest was familiar, a place known to the guest to be a place of danger, at such a rate of speed as that it was also known to the guest that, under the existing conditions of poor visibility, the automobile could not be stopped in time to avoid a collision. In the instant case we do not have the element of the known place of danger. On the contrary, we have a condition existing where the plaintiff is the occupant of an ambulance being operated by an experienced driver, on a three-lane, one-way thoroughfare, at a rate of speed the evidence shows not to have exceeded 40 miles per hour, in a locality where the speed limit for vehicles other than the ambulance was 35 miles per hour; the ambulance being a vehicle legally authorized to travel at such place at a speed ten miles per hour greater than that of ordinary vehicles. In addition, the driver was aided by a flashing or revolving red light which was in continuous operation, and by a siren which was shown to have been in operation at least part of the time and up to a point within a block of where the accident actually occurred. We are unable to find in the evidence that such exceptional circumstances existed as would impose a duty on the plaintiff to keep a constant lookout. As stated in the case of Garcia v. Moncada, 127 Tex. 453, 94 S.W.2d 123, 124,

"It is elementary that, absent a duty to perform an act, one cannot be negligent in failing to perform it. If, as a matter of law, no duty is owing, then no issue of fact as to negligence is presented."

The record in this case reflects that plaintiff, a boy 16 years of age, was injured while an occupant of a vehicle not being driven by him. The vehicle was an ambulance operating under a valid permit from the State Department of Health issued to Barker Ambulance Service of El Paso, a business owned by Mr. Charles E. Barker. On the occasion in question the ambulance was being driven by a Mr. Denzil Jones. The driver, Jones, and the plaintiff, Ernest Guinn, Jr. were both employees of Mr. Barker. Jones was a holder of a valid chauffeur's license and, as such, was an authorized ambulance driver. The minor plaintiff, Guinn was not shown to hold any type of driver's license and was not old enough to qualify for a chauffeur's license required before one might legally drive or operate an ambulance in Texas. Plaintiff Guinn's job in the ambulance was that of an attendant. He had never, on any occasion, driven an ambulance for his employer, but he had on several prior occasions ridden with the driver, Jones, on emergency calls, on transfer calls, on oxygen calls, and on first aid emergency calls, and there is no evidence of any prior act of negligence on the part of the driver, Jones, such as would put plaintiff on notice that the driver would likely be inattentive or careless in the operation of the ambulance. Immediately upon getting into the ambulance the driver, Jones, turned on the revolving red light and acti-

vated the siren. They proceeded west on Montana to the corner of Montana and Noble Streets, where the accident occurred when the ambulance struck, or was struck by, the automobile driven by the defendant, H. Y. Ellis. The evidence as to the speed at which the ambulance was traveling ranged from a low of 35 miles or less, to a high of between 38 and 40 miles per hour. The evidence is undisputed that the stationary red lights on the front of the ambulance, as well as the revolving red light on top of the ambulance, were in operation at all pertinent times, and that traffic, except the automobile of defendant, was yielding the right of way to the ambulance.

The jury found, in answer to special issues, that the defendant, Ellis, was negligent just prior to the accident in changing the course of his automobile when such movement could not be made in safety; in failing to drive his automobile, as nearly as practicable, within a single lane; in moving his automobile from the lane in which he was traveling without first ascertaining that such movement could be made in safety; in failing to yield the right of way; and in failing to keep a proper lookout. The jury also found that each of these acts on the part of defendant was negligence, and was a proximate cause of the accident. In answer to Special Issues 30 and 31, the jury found that plaintiff, Ernest Guinn, Jr., failed to keep a proper lookout, and that such failure was negligence and a proximate cause of the accident.

■ So far as it appears from the testimony in the instant case, the minor plaintiff, Guinn, had no occasion to direct the manner of the driver's operation of the ambulance. The driver was experienced; the plaintiff was not; plaintiff had ridden with this driver on several prior occasions and there is no evidence that plaintiff, by virtue of past experience or by reason of any unusual hazard attendant upon the occasion in question prior to the accident, was not entitled to rely on the skill and experience of the driver for his safety. Nothing had occurred

to indicate that plaintiff, at the time in question, was negligent in the matter of maintaining a lookout. As said in Harper v. Texas & P. R. Co., Tex.Civ.App., 146 S.W.2d 426, 427:

"Save under such exceptional circumstances, a plaintiff is entitled to trust to the vigilance and skill of his driver unless he knows from past experience or from the manner in which the car is being driven on the particular trip, that the driver is likely to be inattentive or careless."

Also see: International-Great Northern R. Co. v. Lucas, Tex.Civ.App., 123 S.W.2d 760; Davis v. Pettitt, Tex.Com.App., 258 S.W. 1046; Ford Motor Co. v. Maddin, 124 Tex. 131, 76 S.W.2d 474; Schumacher Co. v. Shooter, 132 Tex. 560, 124 S.W.2d 857.

It is urged by appellant that the 16-year-old attendant in the ambulance was involved in "exceptional circumstances" giving rise to a duty on his part to keep a proper lookout, which he failed to do. Appellant points out that the jury found the driver of the ambulance, Denzil Jones, just prior to the accident was proceeding at an excessive rate of speed; that he failed to sound his siren continuously; and that he failed to keep a proper lookout.

The jury findings with respect to the negligence of the driver are confined to a period of time "just prior to the accident". There is no evidence to show that Guinn knew, or had reason to know, that he had the ability to control the conduct of Jones, the driver of the ambulance, nor is there evidence to show that he knew, or should have known, that it was necessary to exercise such control, or that he (Guinn) had an opportunity to do so, at least within any time just prior to the accident. If the driver, Jones, was not keeping a proper lookout, or was driving at an excessive rate of speed, or failed to sound his siren continuously, as found by the jury, there was no evidence to show with certainty that Guinn

was aware of that fact. The evidence suggests no reason why Guinn should have apprehended that Jones was not doing everything that both of them could have done in the way of care to prevent injury.

"The driver is in charge of the automobile and the law imposes upon him the duty when driving on a public highway or street to use care in constantly keeping a lookout. Southland-Greyhound Lines, Inc. v. Richardson, 126 Tex. 118, 124, 86 S.W.2d 731. The guest, however, not being in charge of the operation of the automobile, is not required constantly to keep a lookout. *Ordinarily he may reasonably and lawfully rely on the driver to keep watch.*" Harper v. Texas & P. R. Co., supra.

We find from the evidence, no exceptional circumstances which prohibited this 16-year-old plaintiff from being entitled to trust the vigilance and skill of the more mature, experienced, adult ambulance driver. Jones was in charge of the ambulance; plaintiff Guinn had no control over the operation of the ambulance, nor did he have any right to control either it or the driver. Moreover, the driver was a duly licensed chauffeur and authorized under the laws of this State to operate motor vehicles of this class; while Guinn, on the other hand, was a minor with neither experience in, or lawful authority to, operate an ambulance.

We hold, therefore, that under the evidence there was no duty on the part of Ernest Guinn, Jr. to keep a lookout, and that the trial court did not err in granting plaintiff-appellee's motion for judgment non obstante veredicto.

The judgment of the trial court is accordingly affirmed.