Joyce EDMONDSON et vir, Appellants,

v.

Lou Anne KELLER et vir, Appellees.

No. 11163.

Court of Civil Appeals of Texas.

Austin.

Feb. 26, 1964.

Rehearing Denied March 11, 1964.

**6**

Byrd, Davis & Eisenberg, Marion S. Roberts, Jr., Austin, for appellants.

Gay & Meyers, Bob E. Shannon, Austin, for appellees.

ARCHER, Chief Justice.

This is an appeal from a judgment denying plaintiff recovery based on a jury verdict growing out of a suit for damages for personal injuries sustained as the result of a collision between the automobile in which defendant was driving and in which the plaintiff was a passenger, and a truck.

In a former case this court held that plaintiff as a matter of law had no cause of action against the truck company. McCormick v. Stowe Lumber Company, Tex. Civ.App., 356 S.W.2d 450, er. ref., n. r. e.

In the instant case the jury found that plaintiff failed to keep a proper lookout and found no damages.

The appeal is before this Court on seven points assigned as error but a proper disposition of the question of the duty of plaintiff to keep a proper lookout as a matter of law will make unnecessary a determination of the other points in the appeal.

The appellant contends that as a matter of law, the plaintiff was under no duty to keep a lookout and that there was no evidence that plaintiff was negligent in failing to keep a lookout and that as a matter of law any failure on the part of plaintiff to keep a lookout could not have been a proximate cause of the collision in question.

We believe that the plaintiff's position is well taken and reverse and remand this cause.

The plaintiff and defendant had known each other for a number of years and were rooming together at the time of the accident. The plaintiff did not own an automobile; the defendant did and it was used by both parties. A few days prior to the collision the plaintiff took her car to Seguin for repairs, and her mother loaned a car to both the defendant and plaintiff. The defendant drove the car from Seguin to Austin and was driving the car when the collision occurred and at which time the plaintiff was asleep.

The collision occurred on a clear day in the city limits of Belton, Texas, and the defendant had exclusive control over the physical operation of the car at the time and on the occasion of the collision when defendant ran into the rear of a truck in which plaintiff suffered certain injuries and incurred medical expenses.

It is not essential to set out the alleged injuries, damages and expenses in the decision of the cause.

In McCormick v. Stowe supra, it was held that plaintiff and defendant were on a joint enterprise.

The plaintiff as an occupant of the car was under no duty to keep a lookout where no dangerous conditions existed and the defendant had been driving in a prudent manner.

As our Supreme Court said in the case of Edmiston v. Texas & N. O. R. Co., 135 Tex. 67, 138 S.W.2d 526 (1940):

"* * * The driver is in charge of the automobile and the law imposes upon him the duty when driving on a public highway or street to use care constantly in keeping a lookout. Southland-Greyhound Lines, Inc. v. Richardson, 126 Tex. 118, 124, 86 S.W.2d 731. The guest, however, not being in charge

of the operation of the automobile, is not required constantly to keep a lookout. Ordinarily he may reasonably and lawfully rely on the driver to keep watch.

" ' * * * Save in exceptional situations, a guest or passenger in a vehicle is not required to keep a constant lookout or to see to it that he shall be in a condition to do so. Thus, a plaintiff riding in the front seat may take his attention off the road to look at the scenery or may turn around to speak to a friend in the back or he may go to sleep or read a book without being guilty of contributory negligence if the driver commits some negligent act which the plaintiff, had he been on the alert, might have had the opportunity to prevent. * * *' "

In the case of Sturtevant v. Pagel, Tex. Civ.App. San Antonio, 109 S.W.2d 556 (1937), affirmed 134 Tex. 46, 130 S.W.2d 1017 (1939), plaintiff was injured when the car in which she was riding was struck by a car being driven by defendant, Snyder. Defendant, Sturtevant, Jr., the son of the owner of the car being driven by Snyder, was asleep at the time of the collision. The jury found him negligent in failing to warn Snyder to drive at a lower rate of speed. The Court of Civil Appeals in reversing the judgment of the trial court based on this finding said:

"The jury found in answer to special issue No. 9, that Junior was negligent in failing to warn Snyder to operate the car at a lower rate of speed. However, the evidence shows that Junior was asleep on the back seat, and never awoke until after Snyder had discovered the approach of the car, and had begun to use the means at hand to avoid the collision, and under such facts Junior could not be guilty of negligence in failing to warn Snyder. Furthermore, his failure to give such warning could not have been a proximate cause of the collision."

In Ellis v. Guinn, Tex.Civ.App., 323 S.W.2d 381, 1959, er. ref., n. r. e., the Court stated:

" 'Save under such exceptional circumstances, a plaintiff is entitled to trust to the vigilance and skill of his driver unless he knows from past experience or from the manner in which the car is being driven on the particular trip, that the driver is likely to be inattentive or careless.' "

The right of control (or lack of it) over the driver of a vehicle does not alter the duty which each of us has to use reasonable care to protect ourselves. Certainly each occupant has this duty irrespective of his right of control. Keeping a proper lookout is only one way of exercising ordinary care. Even a guest has a duty to exercise ordinary care for his safety by protesting the manner in which an automobile is being operated or by leaving it if an opportunity is afforded. Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607 (1952); Sargent v. Williams, 152 Tex. 413, 258 S.W.2d 787 (1953); and Webb v. Karsten, Tex.Civ.App. Houston, 308 S.W.2d 114 (1957).

Negligence is imputed between parties to a joint enterprise where a third party's rights are concerned, but such doctrine may not be invoked to absolve one of the parties to the enterprise from the consequences of his own negligence. Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195; Le Sage v. Pryor, 137 Tex. 455, 154 S. W.2d 446.

Under the facts in this case there was no occasion for plaintiff to keep a lookout. The road conditions were not unusually dangerous, the car was in good condition and the weather clear and plaintiff knew that the defendant was an experienced and careful driver and there was no evidence of any exceptional circumstances that would require plaintiff to keep a lookout. Edmiston v. Texas & N. O. R. Co., supra.

8

The failure of plaintiff to give a warning could not have been a proximate cause of the collision. Sturtevant v. Pagel, supra. Firestone Tire & Rubber Co. v. Rhodes, Tex.Civ.App., 256 S.W.2d 448, no writ history.

Appellee takes the position that as a matter of law appellant was under a duty to keep a lookout and was negligent in failing to do so and that such could have been a proximate cause of the collision and was as a matter of law a guest of appellee.

Appellee has cited a number of cases such as Garcia v. Moncada, 127 Tex. 453, 94 S.W.2d 123 and Ellis v. Guinn, Tex.Civ. App., 323 S.W.2d 381, er. ref., n. r. e., for support of their position that the plaintiff had a right of control and that plaintiff was required to keep a lookout. We overrule this position on the facts in this case and the authorities hereinabove set out and mentioned.

The judgment of the trial court is reversed and the cause is remanded for a new trial in accordance with this decision.

Reversed and remanded.