Joyce **EDMONDSON** et vir, Appellants,

v.

Lou Anne **KELLER** et vir, Appellees.

No. 11380.

Court of Civil Appeals of Texas.

Austin.

March 30, 1966.

Rehearing Denied April 20, 1966.

Byrd, Davis & Eisenberg, Tom H. Davis, Harley Clark, Jr., Austin, for appellants.

Lee Curtis, Belton, Coleman Gay, Austin, for appellees.

ARCHER, Chief Justice.

This is a personal injury action brought for damages plaintiff sustained in an automobile collision. Plaintiff was riding in a car driven by defendant when it ran into the rear of a Stowe Lumber Co. truck. Plaintiff and defendant had known each other all their lives, had been brought up together and were living together when the collision occurred.

Plaintiff's case has been before this Court twice previously. In McCormick v. Stowe Lumber Co., 356 S.W.2d 450 (Austin Civ. App., n. r. e., 1962), this Court held that as a matter of law plaintiff and defendant were on a joint enterprise and that defendant was guilty of negligence which was imputed to plaintiff, thus barring her recovery against the Stowe Lumber Co. In Edmondson v. Keller, 376 S.W.2d 5 (Austin Civ.App., n. r. e. 1964), this Court held that as a matter of law plaintiff was not guilty of contributory negligence and that in a suit between plaintiff and defendant the defendant's negligence would not be imputed to the plaintiff.

Plaintiff filed a motion *in limine* to prevent the defendant from introducing evidence or commenting upon their friendship, which was denied and some such evidence was introduced over plaintiff's objections.

The case was tried with the aid of a jury on Special Issues which were answered by the jury favorable to plaintiff except as to the amount of damages for past loss of earnings and for diminished capacity to work and earn money, and in not allowing any damages for past and future pain and suffering.

The appeal is founded on three points of error and are that the Court erred in allowing immaterial evidence to be introduced of the friendship between plaintiff and defendant, and the award of the jury of ony $600.00 for past loss of earnings and $400.00 for future diminished capacity to work and earn money was against the great weight and preponderance of the evidence, and the finding by the jury of no damages for past and future pain and suffering and mental anguish was against the great weight and preponderance of the evidence because the undisputed evidence shows that plaintiff sustained substantial injuries.

The accident occurred on June 13, 1959, in Belton, Texas near the intersection of U. S. Highway 81 and Farm Road 436- when an automobile driven by the defendant and in which plaintiff was riding ran into the rear end of a truck-trailer. The plaintiff was in the front seat and was asleep at the time of the collision and was thrown from the car onto the highway in an unconscious condition, regaining consciousness a few days subsequent in a hospital in Seguin. Immediately after the accident plaintiff was taken to the Sewell Hospital in Belton and received treatment from Dr. Sewell. She had skin abrasions and a laceration to her right hand.

The plaintiff and defendant were lifelong friends, having lived in the same town and at the time of the collision were roommates and were on a trip to attend a rodeo, and the car in which they were riding belonged to plaintiff's mother, but used by permission.

The jury awarded $547.34 for past medical expenses and $600.00 for loss of earnings and $400.00 for future loss of capacity to work.

No damages were awarded for pain, suffering and mental anguish.

Appellant takes the position that evidence of the close friendship between plaintiff and defendant was not material to the determination of liability and the assessment of damages was not material to such determination, and the introduction of such was harmful to the plaintiff.

Appellant asserts that the jury was motivated by some factor other than the evidence, and plaintiff's case was prejudiced by the friendship evidence.

■　Since we are reversing and remanding this case, we do not believe that the evidence as to long and close friendship of the plaintiff and the defendant was material to a determination of negligence, damages or an amount to be allowed. Its only conceivable proper relevance would be to show a possible motive of the parties to color their testimony and hence to affect their credibility as witnesses. If the trial court concludes that such evidence is admissible on such grounds he should permit full examination of the witness regarding the effect, if any, of this suit and its outcome on such friendly relationship.

■　The finding of the jury of no damages for past and future pain and suffering and mental anguish was against the great weight and preponderance of the evidence because the undisputed evidence shows that the plaintiff sustained substantial injuries or in any event some damages.

As a result of the collision plaintiff was thrown from the car and onto the highway in an unconscious condition, and was treated by Dr. Sewell in his hospital in Belton for a few days and then taken to a hospital in Seguin for further treatment. The evidence as to her injuries and the medical treatment was fully detailed on the trial and there is no useful purpose in reviewing such in further detail here.

The answer of the jury that plaintiff suffered no damages is directly contrary to all of the evidence. Lowery v. Berry, 153 Tex. 411, 269 S.W.2d 795; Floyd v. Organ, Tex.Civ.App., 359 S.W.2d 190, n. r. e.

■　The amount of damages is largely within the jury's discretion. However, they must award something for every element of damage resulting from an injury. Evers v. Langerhans, Tex.Civ.App., 122 S.W.2d 208, n. w. h.; Clark v. Spurdis, Tex.Civ.App., 258 S.W. 881, error dism.

In McCormick v. Stowe Lumber Company, supra, this Court established negligence on the part of defendant which was a proximate cause of the collision and plaintiff's injuries in sustaining a summary judgment.

In Edmondson v. Keller, supra, it was established that plaintiff was not contributorily negligent.

■ Appellee has a counterpoint directed to the error of the court in rendering judgment for appellant for the medical and hospital expenses which had already been paid by Northwestern Mutual Insurance Company.

In response to Special Issue No. 11 the jury found that the reasonable value of the necessary medical services rendered to the plaintiff to the time of trial was $547.34.

The so-called collateral source rule was applied in this case. The policy entered into in this case was a contract agreeing to pay for medical expenses incurred by occupants of the car involved if injured in a collision, and to protect from the consequences of the negligent operation of this same car those driving with the permission of the owner. Separate premiums were paid for each contract, which were contained in a single policy, and the insurance company contends that the execution of one contract excuses the performance of the other.

We overrule this crosspoint.

There are no Texas cases cited by either party directly in point, but there are out of state cases which are in point. Severson v. Milwaukee Auto Insurance Co., 265 Wis. 488, 61 N.W.2d 872, 42 A.L.R.2d 976; Hack v. Great American Insurance Co., 175 So.2d 594 (Fla.App., 1965); Appleman, Insurance Law & Practice, Vol. 8, Sec. 4896.

In Southwestern Fire & Casualty Co. v. Atkins, Tex.Civ.App., 346 S.W.2d 892, n. w. h., the Court held that the company owed an amount to the insured as if there had been two separate policies. American Indemnity Co. v. Garcia, Tex. Civ.App.1966, 398 S.W.2d 146.

Appellee cites Texas Power & Light Co. v. Jacobs, 323 S.W.2d 483, er. ref., n. r. e.

and Yarrington v. Thornburg, 198 A.2d 181, Superior Ct. of Del. 1964, but we do not believe that these cases are controlling.

The judgment of the trial court is reversed and remanded for a new trial.

Reversed and remanded.