OIL COUNTRY HAULERS,
INC., Appellant,

v.

John E. GRIFFIN and Doris
Griffin, Appellees.

No. A14–83–052CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 12, 1984.

Richard Parker, Richard Parkers & Associates, Houston, for appellant.

Larry Dowell, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

This is a suit to recover medical insurance benefits. The trial court found that appellant, Oil Country Haulers, Inc., withheld monies from the paycheck of appellee, John Griffin, for medical insurance for ap-

pellee and his family, despite the fact the insurance company had cancelled the policy. The court found these acts constituted deceptive trade practices pursuant to TEX. BUS. & COMM.CODE ANN. § 17.50. Appellee, Doris Griffin, wife of John Griffin, was hospitalized twice. The trial court did not accept proof of the expenses relating to the first hospitalization, but the court did accept proof of expenses incurred during the second hospitalization which amounted to $4,715.56. Since the action was brought under the Deceptive Trade Practices and Consumer Protection Act (hereafter referred to as the Act), the judge trebled the amount of actual damages for a total of $14,146.68. Attorney's fees amounting to $2,500.00 were also awarded. Appellant argues three points of error. We affirm.

■ In its first point of error, appellant argues that Doris Griffin's medical bills were not properly authenticated pursuant to the business records exception, TEX.REV.CIV.STAT.ANN. art. 3737e (Vernon Supp.1982). However, appellant ignores the fact that Article 3737e is not the only manner in which medical bills may be properly admitted. Medical bills may be admitted upon (1) a party's testimony that he did, in fact, receive such bills and (2) testimony of a person with knowledge that the services performed were reasonable and necessary and the charges were usual and customary in the community. At trial, Dr. Howard Smith testified that Mrs. Griffin had been his patient for eight years. He further testified that the charges incurred by Mrs. Griffin for the medical services performed were the usual and customary charges in the Houston area, and were reasonable and necessary to treat Mrs. Griffin. In addition, both Doris and John Griffin testified that they had received the hospital bills in issue, and that the bills represented services which were actually performed for Mrs. Griffin.

■ Appellant contends the court erred in allowing Dr. Smith to testify as to the reasonableness and necessity of all the hospital and medical bills because most of the charges were not his. We disagree. Dr. Smith qualified as an expert witness, and, as such, was permitted to testify regarding

the charge to Mrs. Griffin for medical services. We overrule appellant's first point of error.

■ Appellant's second point of error concerns the award of actual damages for the hospital and medical bills incurred. Appellant argues that since the medical bills of Doris Griffin have remained unpaid, appellees have suffered no pecuniary loss. We do not agree. Even though the medical bills have not been paid, appellants do, in fact, owe money to the doctors and hospital. This constitutes actual damages. Further, their actual damages are a direct result of their lack of medical insurance.

■ Where medical services are provided gratuitously to a plaintiff, he still may recover the cost of the services from the tortfeasor. *Texas Power & Light Co. v. Jacobs*, 323 S.W.2d 483 (Tex.Civ.App.—Waco 1959, writ ref'd n.r.e.). The "collateral source" rule is strongly established in Texas. *American Cooperage Co. v. Clemons*, 364 S.W.2d 705 (Tex.Civ.App.—Ft. Worth 1963, writ ref'd n.r.e.); *Edmondson v. Keller*, 401 S.W.2d 718 (Tex.Civ.App.—Austin 1966, no writ); *Sparks v. Dalton*, 458 S.W.2d 836 (Tex.Civ.App.—Ft. Worth 1970, no writ). If a plaintiff is permitted to recover his medical expenses even though his expenses have been paid by a third party, certainly a party must be allowed to recover expenses where he or she has incurred a liability and will not be reimbursed by a third party. We overrule point of error two.

By its third point of error, appellant asserts that the trial court erred in awarding damages to appellees because appellees' demand letter failed to specify the amount of actual damages and expenses, including attorney's fees. Appellant also alleges that neither the pleadings nor the issues support a finding that they violated the Act. Finally, appellant contends that attorney's fees should not have been awarded under TEX.REV.CIV.STAT.ANN. § 2226 (Vernon Supp.—1982–1983) because there was no finding of an oral or written contract between appellant and appellees.

We do not find appellees' demand letter defective because it failed to set out actual damages, expenses and attorney's fees. Provisions of the Act which were in effect at the time of the alleged deceptive acts control a suit brought under the Act. *Riverside National Bank v. Lewis*, 603 S.W.2d 169, 172 (Tex.1980); *Woods v. Littleton*, 554 S.W.2d 662, 666 (Tex.1977). This cause of action arose when Doris Griffin was hospitalized in November, 1978 and February, 1979. At that time, TEX.BUS. & COM.CODE ANN. § 17.50A[1] provided: "Actual damages" only and attorney's fees reasonable in relation to the amount of work expended and court costs may be awarded where the defendant:

> (1) proves that the action complained of resulted from a bona fide error notwithstanding the use of reasonable procedures adopted to avoid the error; or
>
> (2) proves that he had no written notice of the consumer's complaint before suit was filed, or that within 30 days after he was given written notice he tendered to the consumer (a) the cash value of the consideration received from the consumer or the cash value of the benefit promised, whichever is greater, and (b) the expenses, including attorney's fees, if any, reasonably incurred by the consumer in asserting his claim against the defendant; or
>
> (3) in the case of a suit under Section 17.50(a)(2) the defendant proves that he was not given a reasonable opportunity to cure the defects or malfunctions before suit was filed.

The record reflects that appellees gave appellant written notice in accordance with § 17.50A as set out above. No further prerequisites to filing suit were necessary at the time of appellees' cause of action.

In addition, in appellees' first amended petition, they allege "defendant's actions constitute a violation of V.T.C.A., Business and Commerce Code, Section 17.50 of the Deceptive Trade Practice-Consumer Protection Act." The pleadings are sufficient to support a finding for appellee under the Act.

Finally, since attorney's fees will be recovered under the Act, it is unnecessary to consider TEX.REV.CIV.STAT.ANN. 2226.

The judgment of the trial court is affirmed.

---

1. § 17.50A was amended by Acts 1979, 66th Leg., p. 1330 ch. 603, § 5, eff. Aug. 27, 1979. § 17.50A (a) now provides: "As a prerequisite to filing a suit seeking damages under Subdivision (1) of Subsection (b) of consumer shall give written notice to the person at least 30 days before filing suit advising the person of the consumer's specific complaint and the amount of actual damages and expenses, including attorney's fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant."