OPINION
SEERDEN, Justice.
Appellant complains that the jury made no award for physical pain or mental anguish, past or future, after finding appellee at fault in an automobile collision in which she was injured. In one point of error, she argues that the finding is against the great weight and preponderance of the evidence, and that the jury was legally bound to make some award. We agree and reverse and remand for a new trial.
The jury answered each liability question in appellant’s favor and awarded her $1,541.00 for medical bills and $250.00 for loss of earnings.
The collision occurred on or about February 23-24, 1984. On March 9, 1984, Dr. Ken Wayne Fesler, M.D. examined appellant’s x-rays and found a reverse curvature of the cervical spine. Dr. Jose Kuri, M.D. found injuries and prescribed medication for pain, a tranquilizer and muscle relaxer. Dr. Luis Suarez, M.D. examined her on April 2, 1984, and states that appellant had a cerebral concussion as a result of the collision. Dr. Roy Beller, D.C., diagnosed a cervical and lumbar sprain. All of the medical experts made medical diagnoses which included indications of physical pain. After reviewing the evidence, we believe that the jury’s failure to award damages for physical pain or mental anguish is against the great weight and preponderance of the evidence so as to be manifestly wrong and unjust. Brown v. Vanderveer, 460 S.W.2d 502, 506 (Tex.Civ.App.-Austin 1970, no writ); Gallegos v. Clegg, 417 S.W.2d 347, 356 (Tex.Civ.App.-Corpus Christi 1967, writ ref’d n.r.e.); Edmondson v. Keller, 401 S.W.2d 718, 720 (Tex.Civ.App.-Austin 1966, no writ). Ap-pellee contends that the findings of injuries are based on subjective complaints. Pain and mental anguish are necessarily subjective. We find it inconsistent that appellant could require the medical care for which the jury compensated her, and yet find no compensable physical pain or mental anguish. Gallegos at 356.
The amount of damages is largely within the ' jury’s discretion. However, they must award something for every element of damage resulting from an injury. Martin v. Warren & Miller Company, 639 S.W.2d 706, 709 (Tex.App.-Tyler 1982, no writ); Thomas v. Oil & Gas Building, Inc., 582 S.W.2d 873, 881 (Tex.Civ.App.-Corpus Christi 1979, writ ref’d n.r.e.); Gallegos at 357; Edmondson at 720.
The judgment is REVERSED and the cause REMANDED for a new trial.