TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00707-CV






Richard Martinez and Rachel Perez, Appellants



v.



Melanie Vela, Individually and as Next Friend of Tiffany Michelle Cortez 


and Jessica Kaye Riojas, Minors, Appellees







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. A-97-0791-C, HONORABLE DICK ALCALA, JUDGE PRESIDING 







 Appellants challenge the trial court's affirmance of the jury awards to appellees for
personal injuries sustained as a result of a car accident. We will affirm.


Factual Background


 It was undisputed that while Richard Martinez was driving Rachel Perez's car, he
rear-ended Melanie Vela's car. Vela and her two daughters, Tiffany Cortez and Jessica Riojas
who were passengers in the car, sustained injuries. At the time of the collision, Martinez was
driving with a suspended driver's license. Vela sued Martinez and Perez, individually and on
behalf of her daughters, for physical pain, mental anguish, physical impairment and cost of
medical care. Appellees alleged Martinez negligently caused the accident and that Perez
negligently entrusted her car to Martinez. Because Perez knew of Martinez's suspended license
and poor driving record before loaning her car to him, appellees also sought exemplary damages
against Perez. The jury awarded Vela $95,546.49; Riojas $224.25 and Cortez $346.00; and
assessed $5,000 in exemplary damages against Perez. Appellants raise four issues on appeal. 


Discussion


 Appellants first challenge the sufficiency of the evidence to support the element of
causation. Appellants argue that because appellees did not present expert medical testimony that
the car accident caused appellees' injuries, the trial court erred in submitting questions regarding
medical expenses. We disagree.

 Lay testimony is adequate to prove causation if general experience and common
sense will enable a lay person to determine, with reasonable probability, the causal relationship
between the event and the condition. Morgan v. Compugraphic Corp., 675 S.W.2d 729, 733
(Tex. 1984). Generally, lay testimony establishing a sequence of events which provides a strong,
logically traceable connection between the event and the condition is sufficient proof of causation. 
Id. In such cases, lay testimony can provide both legally and factually sufficient evidence to
prove the causal relationship. Blankenship v. Mirick, 984 S.W.2d 771, 775 (Tex. App.--Waco
1999, pet. denied).

 In reviewing a legal sufficiency challenge, we consider only the evidence and
inferences tending to support the jury's fact finding, and disregard all contrary evidence and
inferences. Leitch v. Hornsby, 935 S.W.2d 114, 118 (Tex. 1996). If there is any evidence of
probative force to support the finding, we overrule the point and uphold the jury's finding. Id. 
If there is more than a scintilla of probative evidence to support the finding, the no evidence
challenge fails. Id. The evidence supporting a finding is more than a scintilla if reasonable minds
could arrive at the finding given the facts. Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497,
499 (Tex. 1995). In reviewing a factual sufficiency point, we consider and weigh all the evidence
and set aside the judgment only if it is so factually weak or so contrary to the overwhelming
weight of the evidence to be clearly wrong and manifestly unjust. ONI, Inc. v. Swift, 990 S.W.2d
500, 502 (Tex. App.--Austin 1999, no pet.) (citing Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986)). 

 According to Vela, Martinez rear-ended her car as she was slowing to a stop at an
intersection. The impact pushed Vela's car into the car in front of her, and that car into the car
in front of it. Emergency personnel pulled Vela from her car through the passenger door because
the driver's side door would not open after the collision. Vela and her children were taken to the
hospital by ambulance. Martinez admitted that he turned his head toward his backseat passenger
moments before impact with Vela's car. He testified that his first sight of Vela's car was when
he hit her. Although he claimed he "barely" hit her, both he and his front-seat passenger were
injured, and Perez's car sustained $3100 in damage.

 Vela's children sustained only minor injuries (1) and the majority of the medical
expenses were Vela's. As a result of the collision, Vela suffered injuries to her neck, back, leg
and hip. Vela had to undergo neck surgery and continued to suffer from severe back pain even
at the time of trial. In addition, she testified that prior to the accident she had not injured her neck
or back and did not suffer from the types of pain that she experienced after the accident. 
Appellees submitted as evidence all medical records and bills as a result of their medical
treatment. In addition, Vela testified about her neck surgery, recovery and physical limitations
as a result of her injuries. 

 We hold that under these facts, expert testimony was not required to prove that the
car accident caused appellees' injuries. Vela's testimony describing the accident and her pre-accident health and post-accident injuries and medical treatment establish facts from which the
trier of fact may properly infer that the car accident caused appellees' injuries. Having reviewed
the record, we conclude that the evidence is both legally and factually sufficient to support the
jury's damage awards. We overrule appellants' first issue. 

 In their second issue, appellants challenge the sufficiency of the evidence of
appellees' medical treatment and expenses. They contend that because appellees failed to present
expert testimony that their medical treatment, expenses and conditions were "based upon
reasonable medical probability," the trial court erred in submitting jury questions on medical
expenses. 

 Appellees submitted their medical expense evidence by affidavit as permitted by
section 18.001 of the Civil Practice and Remedies Code, rather than by live expert witnesses. 
Section 18.001 provides:

(b) Unless a controverting affidavit is filed as provided by this section, an affidavit
that the amount a person charged for a service was reasonable at the time and place
that the service was provided and that the service was necessary is sufficient
evidence to support a finding of fact by judge or jury that the amount charged was
reasonable or that the service was necessary.



Tex. Civ. Prac. & Rem. Code Ann. § 18.001(b) (West 1997). Section 18.001 is an exception to
the general rule that the reasonableness of and necessity for medical expenses must be proved by
expert testimony. Castillo v. American Garment Finishers Corp., 965 S.W.2d 646, 654 (Tex.
App.--El Paso 1998, no pet.). If a party intends to controvert a claim reflected in a section 18.001
affidavit, that party "must file a counteraffidavit." Tex. Civ. Prac. & Rem. Code Ann. §
18.001(e). Section 18.002 provides a form which conspicuously does not require that the affidavit
contain "reasonable medical probability" language. See id. § 18.002(b). If the elements of
section 18.001 are met, the uncontroverted affidavit that medical expenses are reasonable and
necessary is sufficient to support a finding that the amount charged was reasonable or that the
service was necessary. Id. § 18.001(b). 

 Appellees submitted affidavits which generally track the language of the form in
section 18.002. Appellants did not file counteraffidavits. We conclude that appellees' use of
affidavits in compliance with section 18.002 supports the reasonableness of and necessity for their
medical expenses. Having reviewed the record, we further conclude that the evidence is both
legally and factually sufficient to support the jury's damage awards in this regard. We overrule
appellants' second issue. 

 Appellants contend in their third issue that the trial court erred in refusing to allow
them to impeach Vela with her interrogatory answers. Appellants propounded an interrogatory
inquiring about Vela's receipt of "accident insurance benefits, workers compensation benefits,
disability benefits or pensions, or accident compensation payments." Vela responded "no" to the
interrogatory, and testified during a bill of exception that she was covered by Medicaid. 
Appellees contend that they should have been allowed to impeach Vela's credibility using the
interrogatory answer as a prior inconsistent statement. 

 The admission or exclusion of evidence is committed to the sound discretion of the
trial court. City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995) (citing Gee v.
Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex. 1989)). An error in the admission or
exclusion of evidence can only result in a reversal if the appellant can show the error probably
resulted in an improper judgment. City of Brownsville, 897 S.W.2d at 753. A successful
evidentiary ruling requires the complainant to show the judgment turned on the evidence in
question. GT & MC, Inc. v. Texas City Ref., Inc., 822 S.W.2d 252, 257 (Tex. App.--Houston [1st
Dist.] 1991, writ denied).

 Vela's Medicaid coverage constitutes a collateral source. The collateral source rule
prohibits evidence generally of collateral payments from other sources, such as insurance, pension
or retirement funds, employee benefits accounts or social security. Traders & Gen. Ins. Co. v.
Reed, 376 S.W.2d 591, 593 (Tex. Civ. App.--Corpus Christi 1964, writ ref'd n.r.e.); see also 
Oil Country Haulers, Inc. v. Griffin, 668 S.W.2d 903, 904 (Tex. App.--Houston [14th Dist.] 1984,
no writ) (gratuitous medical services provided to plaintiff may still be recovered from the
tortfeasor). The theory behind the collateral source rule is that a wrongdoer should not have the
benefit of insurance independently procured by the injured party and to which the wrongdoer was
not privy. Brown v. American Transfer & Storage Co., 601 S.W.2d 931, 934 (Tex. 1980). 
Medical insurance, disability insurance and other forms of protection purchased by the plaintiff,
as well as gifts the plaintiff receives, are independent sources of income subject to the collateral
source rule. Lee-Wright, Inc. v. Hall, 840 S.W.2d 572, 582 (Tex. App.--Houston [1st Dist.]
1992, no writ). 

 Because the information on which appellants sought to impeach Vela constituted
a collateral source and because Vela did not open the door, (2) her Medicaid coverage would not be
admissible. Furthermore, her receipt of Medicaid benefits is not inconsistent with her negative
answer to the interrogatory in question. Thus, the trial court did not abuse its discretion in
prohibiting appellants from using the information for impeachment purposes. We overrule
appellants' third issue. 

 Appellants contend in their fourth issue that the trial court erred in refusing to allow
them to introduce evidence of Vela's medical history of mental illness and long history of
"emotionally traumatic life experiences." 

 Seeking mental anguish damages does not raise the issue of a party's mental
condition unless the plaintiff alleges a permanent mental injury or some deep emotional
disturbance or psychiatric problem. See Coates v. Whittington, 758 S.W.2d 749, 752 (Tex.
1988). Vela did not claim the accident caused a permanent mental condition or enhanced an
existing one. According to the record, Vela did not seek treatment for any mental conditions and
did not offer medical evidence to prove her mental anguish. Vela's mental anguish claim is the
emotional pain, torment and suffering that a plaintiff who has been in a car accident with her
children would in all reasonable probability experience. See Coates, 758 S.W.2d at 752. The
admission or exclusion of evidence is committed to the trial court's discretion and because the
evidence appellants sought to admit is not admissible, we conclude the trial court did not abuse
his discretion in excluding the evidence of a prior mental condition. We overrule appellants'
fourth issue. 

Conclusion


 Having overruled all of appellants' issues, we affirm the trial-court judgment. 



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Filed: January 6, 2000

Affirmed

Do Not Publish
1. Appellants complain that because Vela's minor children, ages nine and seven at the time of
trial, did not testify there is no evidence or insufficient evidence that appellees' injuries were
proximately caused by the car accident. We disagree. Vela's description of the accident is
evidence of causation sufficient to support that element for the other passengers in her car. 
2. See Mundy v. Shippers, Inc., 783 S.W.2d 743, 745 (Tex. App.--Houston [14th Dist.] 1990,
writ denied) (testimony of lack of financial resources may be rebutted with collateral source
benefits).



nied).

 Vela's Medicaid coverage constitutes a collateral source. The collateral source rule
prohibits evidence generally of collateral payments from other sources, such as insurance, pension
or retirement funds, employee benefits accounts or social security. Traders & Gen. Ins. Co. v.
Reed, 376 S.W.2d 591, 593 (Tex. Civ. App.--Corpus Christi 1964, writ ref'd n.r.e.); see also 
Oil Country Haulers, Inc. v. Griffin, 668 S.W.2d 903, 904 (Tex. App.--Houston [14th Dist.] 1984,
no writ) (gratuitous medical services provided to plaintiff may still be recovered from the
tortfeasor). The theory behind the collateral source rule is that a wrongdoer should not have the
benefit of insurance independently procured by the injured party and to which the wrongdoer was
not privy. Brown v. American Transfer & Storage Co., 601 S.W.2d 931, 934 (Tex. 1980). 
Medical insurance, disability insurance and other forms of protection purchased by the plaintiff,
as well as gifts the plaintiff receives, are independent sources of income subject to the collateral
source rule. Lee-Wright, Inc. v. Hall, 840 S.W.2d 572, 582 (Tex. App.--Houston [1st Dist.]
1992, no writ). 

 Because the information on which appellants sought to impeach Vela constituted
a collateral source and because Vela did not open the door, (2) her Medicaid coverage would not be
admissible. Furthermore, her receipt of Medicaid benefits is not inconsistent with her negative
answer to the interrogatory in question. Thus, the trial court did not abuse its discretion in
prohibiting appellants from using the information for impeachment purposes. We overrule
appellants' third issue. 

 Appellants contend in their fourth issue that the trial court erred in refusing to allow
them to introduce evidence of Vela's medical history of mental illness and long history of
"emotionally traumatic life experiences." 

 Seeking mental anguish damages does not raise the issue of a party's mental
condition unless the plaintiff alleges a permanent mental injury or some deep emotional
disturbance or psychiatric problem. See Coates v. Whittington, 758 S.W.2d 749, 752 (Tex.
1988). Vela did not claim the accident caused a permanent mental condition or enhanced an
existing one. According to the record, Vela did not seek treatment for any mental conditions and
did not offer medical evidence to prove her mental anguish. Vela's mental anguish claim is the
emotional pain, torment and suffering that a plaintiff who has been in a car accident with her
children would in all reasonable probability experience. See Coates, 758 S.W.2d at 752. The
admission or exclusion of evidence is committed to the trial court's discretion and because the
evidence appellants sought to admit is not admissible, we conclude the trial court did not abuse
his discretion in excluding the evidence of a prior mental condition. We overrule appellants'
fourth issue. 

Conclusion


 Having overruled all of appellants' issues, we affirm the trial-court judgment.